CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 05 2014

JULIA C. DUDLEY, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KAMANI SUN, | |
| Plaintiff, | Civil Action No. 7:13cv569 |
| v. | MEMORANDUM OPINION |
| VIRGINIA PAROLE BOARD CHAIRMAN, ET AL. | By: Samuel G. Wilson<br>United States District Judge |
| Defendants. | |

This is a *pro se* action pursuant to 42 U.S.C. § 1983 by Kamani Sun, a/k/a James Clinton Forman (hereinafter "Sun"), seeking declaratory and injunctive relief prohibiting the Virginia Parole Board ("Board") from denying his release. Since at least 2011, the Board has annually reviewed Sun's eligibility for parole and, on each occasion, determined that parole was not warranted for various reasons. Sun claims the reasons for his 2012 and 2013 denials are arbitrary and capricious and therefore violate his constitutional right to due process. The Board has moved to dismiss. The court finds that Sun fails to state a claim for which relief can be granted and dismisses his complaint.

I.

In 1989, Sun pled guilty to breaking and entering with the intent to commit rape and rape. The Circuit Court for the City of Lynchburg, Virginia sentenced him to life plus ten years. Because the offenses were committed before January 1, 1995, Sun is parole eligible. See Va. Code 53.1-136 (abolishing discretionary parole for offenses only after said date). The Board reviewed Sun's case for parole in November 2011. After considering various factors, the Board notified Sun that it had decided not to grant him parole. The Board explained that the primary

reasons were because of: (1) Sun's risk to the community; (2) the serious nature and circumstances of the offense; (3) the need to serve more of the sentence prior to release; and (4) the nature of the crimes committed. In November 2012, the Board again reviewed Sun's case for parole, and again the Board denied his parole. This time, the Board explained that parole was not appropriate because of (1) the serious nature and circumstances of the offense and because (2) release at that time would diminish the seriousness of the crime.

Sun requested reconsideration of the Board's decision and complained that he did not know what it takes to be deemed "suitable for release." Sun cited no errors or new or different information that would warrant reconsideration under the Board's policies but nonetheless asked the Board to reconsider his parole since it was denied solely on the basis of the seriousness of his convictions. Sun also asked the Board to define for him the meaning of "suitable," so he would know what more he needs to do to achieve parole. The Board subsequently denied his request for reconsideration but did inform him that "suitability is determined when 3 or 4 Board members -- in [his] case 3 -- decide that [he] no longer pose[s] a threat to the community." (ECF No. 1-1 at 5) Because the Board did not include as a basis for its 2012 denial of parole that he posed a threat to the community, Sun filed the present action, arguing that he must therefore be suitable, and any denial of parole was without justification and violated his constitutional rights to due process.

Sun filed his complaint on December 5, 2013. A short time thereafter, the Board again notified Sun that it had reviewed his case for parole on November 22, 2013 and, after considering various factors, again found Sun unsuitable for release. The Board explained its reasons in a December 11, 2013 letter. According to that letter, the Board denied parole because of: (1) Sun's risk to the community; (2) the serious nature and circumstances of his offenses; and

2

(3) its conclusion that Sun should serve more of the sentence before his release. (ECF No. 7-1 at 1) Because the Board once again considered Sun to be a risk to the community, Sun amended his complaint and now argues that the Board's findings are inconsistent and disingenuous. Accordingly, he maintains that the denial of his parole was without adequate justification and fundamentally unfair.

II.

To prevail on a § 1983 claim that state officials violated an inmate's due process rights, the claimant must prove that he had a protected liberty interest that was adversely affected without the protections guaranteed by the Fourteenth Amendment. Slezak v. Evatt, 21 F.3d 590, 593-94 (4th Cir. 1994). Neither Virginia law nor the Constitution creates a protected liberty interest in the expectation of early release on parole. See Hill v. Jackson, 64 F.3d 163, 170-71 (4th Cir. 1995) (Virginia law); Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979) (Constitution). Virginia law does, however, create a liberty interest for certain inmates in parole *consideration*. See Hill, 64 F.3d at 170; Va. Code § 53.1-151. Having 'create[d] a liberty interest, the Due Process Clause requires fair procedures for its vindication.'" Burnette v. Fahey, 687 F.3d 171, 181 (4th Cir. 2012) (citing Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011) (per curiam)). And a court "will review the application of [such] constitutionally required procedures." Swarthout, 131 S. Ct. at 862. But, in the parole context, the required procedures are "minimal." Id. "At most, . . . parole authorities must 'furnish to the prisoner a statement of its reasons for denial of parole.'" Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996) (quoting Franklin v. Shields, 569 F.2d 784, 801 (4th Cir. 1978) (en banc)).

As applied here, there is nothing to suggest that the Board denied Sun the constitutionally required procedures. The Board considered Sun's case for parole annually but, after reviewing

3

various factors, found each time that Sun was not "suitable" for release.[1] In every instance, the Board explained to Sun the reasons for its denial. Although Sun claims those reasons were arbitrary and that the Board must produce some evidence of "current" or "continuing behavior" to justify its reasoning, (ECF No. 1 at 4), "[a] Virginia inmate . . . does not have a due process right to *judicial review of the validity* of the reason given." Robinson v. Fahey, 366 F. Supp. 2d 368, 371-72 (E.D. Va. 2005), affirmed Robinson v. Fahey, 174 F. App'x 757, 758 (4th Cir. 2006) (emphasis in original) (internal citations omitted). "The federal courts do not provide a forum to review the discretionary decisions of state parole officials; rather, federal review of state parole decisions is limited to procedural flaws." Vigue v. Vassar, 846 F.2d 75 (4th Cir. 1988)) (internal citations omitted).[2] Accordingly, with no evidence of procedural error, Sun fails to state a claim for which relief can be granted, and the court will grant the Board's motion to dismiss.[3]

---

[1] Sun does not question that the Board actually reviewed his case; rather, he challenges the Board's bases for denying him parole. (See ECF No. 7) ("[T]hose 5 board members describe me as currently posing a 'risk to the community.' If this is so, then it is incumbent (by law) that the parole board produce some evidence of current or continuing behavior to justify their reasoning. For without such evidence to support their statement, due process is compromised.") (emphasis in original).

[2] The court also notes that the Board is not limited to considering "post-commitment, prison-related" factors in determining whether Sun is "suitable" for release. Goodman v. Muse, 2013 WL 5422815 (4th Cir. Sept. 30, 2013) (per curiam) (unpublished) (explaining that the Virginia parole statute, Va. Code § 53.1-155, requires consideration of pre-commitment and non-prison related factors, including the gravity of the offense, in determining whether release on parole is appropriate for both society and the prisoner).

[3] Sun also requests a hearing and asks the court to rule that the Board has no jurisdiction to decide his parole or, in the alternative, to appoint an independent oversight committee to determine what authority the parole board has. Because the court dismisses his complaint for failure to state a claim for which relief can be granted, the court denies Sun's requests. In addition, the court notes that the Board's authority is governed by Va. Code § 53.1 *et seq.*, and "courts are not free to rewrite legislative enactments." United States v. Shirah, 253 F.2d 798, 800 (4th Cir. 1958) (citing Crooks v. Harrelson, 282 U.S. 55, 59 (1930)).

4

## III.

For the reasons stated, the court grants the Board's motion to dismiss, pursuant to Rule 12(b)(6).

**ENTER**: June 5, 2014.

_____
UNITED STATES DISTRICT JUDGE